DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Jesse C. Beacham appeals the Marietta Municipal Court's denial of his motion to suppress evidence obtained from a traffic stop. Appellant asserts that the court erred in applying the "reasonable articulable suspicion" rather than the "probable cause" standard when determining the constitutionality of a traffic stop based on the commission of a traffic violation. We agree that the court should have determined whether the officer had probable cause to stop Appellant; however, because the trial court found that the officer observed Appellant failing to use a turn signal in violation of R.C. 4511.39, we conclude that the officer had probable cause to stop Appellant's vehicle. Appellant also argues that the court erred in denying the motion to suppress where the stop resulted from the officer's mistaken belief that Appellant's lawful actions violated the traffic code. Because the trial court concluded that the officer correctly interpreted the traffic laws and Appellant had violated R.C. 4511.39, and the record supports these findings, we do not determine whether a good faith but erroneous belief by the officer that Appellant violated the statute would support the denial of the motion to suppress.
 {¶ 2} At approximately 2:00 a.m. one morning, Trooper Caleb B. Courson of the Ohio State Highway Patrol observed a vehicle make a left-hand turn from Putnam Street onto Glendale Road in Marietta without signaling. Trooper Courson stopped the vehicle and, based on his observations during the stop, arrested Appellant, the driver of the vehicle, and charged him with Operating a Motor Vehicle While Under the Influence (OMVI) in violation of R.C. 4511.19(A)(6). Trooper Courson also ticketed Appellant for failing to use a turn signal in violation of R.C.4511.39.
 {¶ 3} Appellant moved to suppress the evidence obtained as a result of the traffic stop. In his motion, Appellant asserted that no signal is required when traveling from Putnam Street to Glendale Road and, therefore, the stop was improper.
 {¶ 4} At the hearing on the motion, Trooper Courson testified that there is a traffic light at the intersection of Putnam and Seventh Streets. If one is traveling east on Putnam Street, as Appellant was before he was stopped, one can proceed straight into the middle school parking lot, turn right onto Glendale Road, or turn left onto either Glendale Road or Seventh Street. Before making either left turn, Trooper Courson believes that a turn signal is required. Trooper Courson identified State's Exhibit 1 as an accurate depiction of the intersection.
 {¶ 5} Appellant testified that at the intersection of Putnam and Seventh Streets, there is a right-hand turn lane and a left-hand/straight lane. Appellant was in the left-hand/straight lane when he proceeded onto Glendale Road. He acknowledged that he did not make any type of signal before traveling onto Glendale Road, but testified that he does not believe a left-hand turn signal is necessary at that intersection unless one is turning onto Seventh Street. Appellant maintained that traveling onto Glendale Road is traveling in a "straight" direction. Appellant disputed Trooper Courson's testimony that one can enter the middle school parking lot by traveling straight from Putnam Street and stated that one must be in the right-hand lane in order to enter the lot. Appellant also testified that State's Exhibit 1 does not accurately portray the intersection.
 {¶ 6} The trial court stated that it would observe the intersection before issuing its ruling and took the matter under advisement.[1]
Thereafter, the court issued its decision and entry denying Appellant's motion to suppress. The court concluded that State's Exhibit 1 is a reasonable depiction of the intersection and described the intersection as follows: "Seventh Street runs in a north south direction. If one approaches Seventh Street on Putnam Street from the west headed in an easterly direction, one would intersect Seventh Street perpendicular from the west. Approaching Seventh Street perpendicular from the east in a westerly direction is the Marietta middle school driveway. Approaching Seventh Street from a northeasterly direction at approximately a 45 degree angle is a Glendale Road. In this case, the Defendant approached Seventh Street from a westerly direction headed eastbound on Putnam Street. The intersection is controlled by a traffic light. In addition, there are two lanes marked on the road for the east bound traffic on Putnam Street. The right hand or curb lane is marked for right turn only. The center lane is marked for straight through and left-hand turn only traffic. The Defendant approached this intersection and stopped at the traffic light in the lane marked for straight through or left-hand traffic. * * * It was this Court's personal observation that approximately forty percent of the vehicles making a turn from Putnam Street onto Glendale Road use a signal to do so. * * *" The court concluded that R.C. 4511.39 requires a motorist to signal when turning left and that it was necessary for Appellant to signal when turning from Putnam Street onto Glendale Road. Therefore, Trooper Courson had a reasonable and articulable suspicion that Appellant had committed a traffic violation and the stop was constitutional.
 {¶ 7} Appellant pled "no contest" to the OMVI charge and the State dismissed the failure to use a turn signal charge. Appellant filed a timely notice of appeal and assigns the following errors: "FirstAssignment of Error — The trial court erred by applying the legal standard for an investigative stop rather than the legal standard for a non-investigative traffic offense stop when ruling on Appellant's motion to suppress evidence. Second Assignment of Error — The trial court erred when it denied Appellant's Motion to Suppress Evidence and found that the police officer had a reasonable, articulable suspicion that justified the officer to stop Appellant's automobile."
 {¶ 8} Appellate review of a trial court's decision regarding a motion to suppress evidence involves mixed questions of law and fact.State v. Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1, 3. In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Brooks, 75 Ohio St.3d 148, 154,1996-Ohio-134, 661 N.E.2d 1030. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Landrum (2000), 137 Ohio App.3d 718,722, 739 N.E.2d 1159. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Ornelas v. United States (1996), 517 U.S. 690, 699,116 S.Ct. 1657, 134 L.Ed.2d 911; Landrum, supra.
 {¶ 9} In his first assignment of error, Appellant asserts that the trial court applied the wrong legal standard when deciding the suppression motion. Specifically, Appellant argues that the court should have determined whether the officer had "probable cause" to stop Appellant for the traffic offense, but instead considered only whether the officer had a "reasonable articulable suspicion" that Appellant had committed a traffic violation.
 {¶ 10} In State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128, the Twelfth District Court of Appeals described the two types of traffic stops which can occur and the constitutional standards applied to each. A noninvestigatory traffic stop occurs when a law enforcement officer witnesses a violation of the traffic code and then stops the motorist for the traffic violation. Id. An investigatory or "Terry" stop occurs when an officer does not necessarily witness a specific traffic violation, but the officer has sufficient reason to believe that a criminal act has taken place or is occurring, and the officer attempts to confirm or refute this suspicion of criminal activity. Id., citing Terry v. Ohio (1968), 392 U.S. 1, 21,88 S.Ct. 1868, 1879-1880, 20 L.Ed.2d 889. A non-investigatory traffic stop must be supported by probable cause, which is always present when the stopping officer actually witnesses a traffic violation; an investigatory stop is proper so long as the stopping officer has a "reasonable articulable suspicion" of criminal activity. Id., citing Whren v. United States
(1996), 517 U.S. 806, 810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89;Pennsylvania v. Mimms (1977), 434 U.S. 106, 109, 98 S.Ct. 330, 332,54 L.Ed.2d 331; Terry, 392 U.S. at 21, 88 S.Ct. at 1879-1880. We have similarly distinguished between the two types of permissible traffic stops. See State v. Stevens (Aug. 30, 2000), Hocking App. No. 00CA05, at footnote 3; State v. Kellough, Pickaway App. No. 02CA14, 2003-Ohio-4552.
 {¶ 11} Appellant's contention that the trial court improperly applied the "reasonable articulable suspicion" standard rather than the "probable cause" standard is correct. Because the trooper observed Appellant committing a traffic violation, improperly turning left without a signal, he was making a noninvestigatory traffic stop and the higher "probable cause" standard applied. Nonetheless, the trial court's factual findings demonstrate that the trooper had probable cause to stop Appellant. As previously noted, an officer's observation of a traffic violation is sufficient to satisfy the probable cause standard. SeeWhren, supra; Mimms, supra. Because the trial court found that Trooper Courson observed Appellant committing a violation of R.C. 4511.39, we conclude that Trooper Courson had probable cause to stop Appellant. Appellant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, Appellant asserts that the trial court erred in denying the motion to suppress because Trooper Courson's erroneous conclusion that Appellant had violated R.C. 4511.39
was not objectively reasonable. Appellant argues, as he did at the suppression hearing, that traveling from Putnam Street to Glendale Road does not require a left-turn signal as one is traveling straight. Appellant maintains that Trooper Courson erred in stopping him to issue the traffic citation and, consequently, the trial court should have suppressed all evidence obtained as a result of the stop.
 {¶ 13} In its entry, the trial court concluded that Appellant had violated R.C. 4511.39 by failing to use a turn signal. Nonetheless, the court noted that "[e]ven if the trier of fact would find that the Defendant was traveling straight from Seventh Street onto Glendale Road rather than making a left turn, the Officer was still acting in good faith and was privileged to stop the vehicle to issue a citation for the alleged traffic offense." Because we conclude that the trial court's finding that Appellant violated R.C. 4511.39 is supported by the evidence, we need not consider whether a good faith but erroneous belief by Trooper Courson that Appellant had violated the statute would also support the denial of the motion to suppress. But, see, State v. Dunfee,
Athens App. No. 02CA37, 2003-Ohio-5970.
 {¶ 14} R.C. 4511.39 provides that: "No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided. When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred fee traveled by the vehicle or trackless trolley before turning. * * *"
 {¶ 15} In State v. Richardson (1994), 94 Ohio App.3d 501, 505,641 N.E.2d 216, the court held that R.C. 4511.39 requires a motoristboth to use reasonable care and to signal when making a left turn. Failure to do either gives rise to a traffic violation. See also Statev. Wallis (Feb. 2, 1993), Gallia App. No. 92CA16; State v. Lowman
(1992), 82 Ohio App.3d 8231, 835. Moreover, courts have held that a signal must be given even when a motorist is in a "turn only" lane. See, e.g., State v. Jerew (Feb. 22, 1999), Wyandot App. No. 9-98-47.
 {¶ 16} Here, the trial court found that one could not travel straight from Putnam Street onto Glendale Road. While a turn onto Glendale Road was not a traditional 90 degree turn, the court found that Glendale Road and Seventh Street formed an approximately 45 degree angle. Therefore, the court's factual findings establish that Appellant was turning onto Glendale Road. Under R.C. 4511.39 and the case law interpreting that statute, a motorist is required to make a signal of intention anytime he turns. The trial court's finding that Appellant violated R.C. 4511.39 is supported by the record. Appellant's second assignment of error is overruled.
 {¶ 17} Having overruled both of Appellant's assigned errors, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
Abele, J. Kline, J.: Concur in Judgment and Opinion.
[1] Neither party objected to the court making its own personal observation of the intersection.