OPINION
{¶ 1} This timely matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Larry Cline appeals the decision of the Monroe County Court overruling his motion to suppress and finding him guilty of a second offense driving under the influence. Cline argues that the officer that found Cline asleep in his motor vehicle, smelling of alcohol, after crashing into a telephone pole in the parking lot next to a bar had no probable cause to place him under arrest. Because of the unique factual circumstances surrounding the arrest, we conclude the officer did in fact have probable cause. Accordingly, the judgment of the trial court is affirmed.
 Facts {¶ 2} On November 29, 2003, Cline was arrested and cited for second offense DUI. Cline pleaded not guilty to the charge and filed a motion to suppress evidence or in the alternative a motion to dismiss the charge. The trial court scheduled a hearing on the matter.
 {¶ 3} At the hearing, Officer Young, the arresting officer, testified that he had known Cline for over ten years prior to the date of the arrest. He further testified that, on November 29, 2003, his shift started at midnight. Soon after, he noticed that Cline's car was parked at JT's Bar and Grill. At 3:19 in the morning, Officer Young noticed the same car sitting below a telephone pole. It appeared that the vehicle had struck the pole. Three-quarters of the car was in a parking lot across the street from JT's Bar and onequarter of the car was sitting on the roadway. The officer could tell the path the car had taken from the tracks left in the snow.
 {¶ 4} Officer Young approached the vehicle and looked into the driver's side window. He found Cline sitting in the driver's seat with his eyes closed. The officer opened the car door but Cline remained seated with his eyes closed. Officer Young testified that the smell of alcohol was "overwhelming". He then attempted to arouse or wake Cline and told him he was under arrest. It took Officer Young three attempts at waking Cline before he could get him to respond.
 {¶ 5} Officer Young summarized the factors that led him to believe that Cline was driving under the influence:
 {¶ 6} "I had a vehicle parked at a bar at midnight when I came to work; the tracks indicated he left the parking space in front of the bar, hit the pole, backed up, parked it in the yard.
 {¶ 7} "I had the damage to the vehicle; and when I opened the car door, it just reeked of an alcoholic beverage."
 {¶ 8} After hearing Officer Young's testimony, the trial court denied Cline's motion to suppress. Cline subsequently entered a plea of no contest and the trial court convicted Cline of second violation driving under the influence. It is from that conviction that Cline now timely appeals.
 {¶ 9} As his sole assignment of error, Cline argues:
 {¶ 10} "The trial court erred on overruling Defendant's joint motion to dismiss/suppress when the record establishes that the arresting officer lacked probable cause to make a warrantless arrest."
 {¶ 11} Cline argues that the facts in this case are simple. "An officer approached a vehicle on the side of the road, ordered Defendant-Appellant out of the vehicle, and immediately placed him under arrest for OMVI." However, after reviewing the additional facts provided through Officer's Young's testimony, in light of recent caselaw, there was probable cause to arrest Cline. Accordingly, the trial court properly denied Cline's motion to suppress.
 {¶ 12} A trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact to the reviewing court. State v. Long (1998), 127 Ohio App.3d 328,332. "An appellate court must review the trial court's findings of historical fact only for clear error, giving due weight to inferences drawn from those facts by the trial court. The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell (1998),127 Ohio App.3d 414, 416, citing Ornelas v. United States (1996),517 U.S. 690.
 {¶ 13} The legal standard for determining whether the police had probable cause to arrest an individual for DUI is whether, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v.Homan, 89 Ohio St.3d 421, 427, 2000-Ohio-0212; Beck v. Ohio
(1964), 379 U.S. 89, 91.
 {¶ 14} Generally, an officer may not make a warrantless arrest for a misdemeanor offense unless the offense occurs in the officer's presence. State v. Henderson (1990),51 Ohio St.3d 54, 56. There is a recognized exception to this rule, however, "where the officer has probable cause to believe that the suspect was operating a motor vehicle while under the influence of alcohol or drugs." Id., citing Oregon v. Szakovits (1972),32 Ohio St.2d 271.
 {¶ 15} In Szakovits, the Ohio Supreme Court held that when the police arrive on the scene of a single car accident where the driving was not observed but a suspect is found in or near the automobile with an odor of alcohol on or about his person, there is probable cause to arrest the suspect for driving under the influence. Id at 271. Szakovits established three guidelines for evaluating DUI arrests when an officer has not observed the accused driving. First, "`each "drunken driving" case is to be decided on its own particular and peculiar facts.'" Id. at 273, quoting Mentor v. Giordano (1967), 9 Ohio St.2d 140, 146. Second, "`[c]hronology is an important element in "drunken driving" cases. A relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating [the] vehicle.'" Id. Third, "`[a]lthough a charge of operating a motor vehicle while under the influence of intoxicating liquor may apply where a stationary vehicle is involved, the evidence must show beyond a reasonable doubt that the accused was under the influence of intoxicating liquor while operating the vehicle * * *.'" Id.
 {¶ 16} "(T)he weight of authority appears to be that where a police officer comes to the scene of an accident wherein there was no observable driving but a suspect is found in or near the automobile with an odor of an alcoholic beverage on or about his person, there is probable cause to arrest the suspect for driving under the influence." Fairfield v. Regner (1985),23 Ohio App.3d 79, 84
 {¶ 17} For example, in Mentor v. Woodside (Feb. 6, 1998), 11th Dist. No. 97-L-046, at 2, the arresting officer observed the scene of a one-vehicle accident in which it appeared that the defendant had driven left of center across two lanes of traffic, and crashed into a pole. Almost immediately, the defendant implicitly conceded that he had driven the vehicle. Additionally, the defendant smelled of alcohol, and the interior of appellant's vehicle contained numerous beer cans and emanated a strong odor of beer. Furthermore, when the officer encountered defendant in the ambulance, the odor of alcohol about defendant was stronger than when he was seated at the curb. Based upon these facts, the officer had probable cause to arrest appellant for operating a motor vehicle under the influence of alcohol.
 {¶ 18} Similarly, in State v. Zimmerman, 2d Dist. No. 19528, 2003-Ohio-1551, police were dispatched to the scene of a one-car accident. Tire marks led from the road to the vehicle that was driven into a house with force strong enough to knock several bricks from the foundation. The defendant was found sitting in the truck. The officer noticed the smell of alcohol and the defendant admitted to drinking a `couple of beers.' His eyes were bloodshot and his words were slurred. The key was in the ignition and the engine was running. It was necessary to pry the driver's door open to reach the defendant. There was no evidence that anyone else had been in the truck. The passenger side door was closed. The defendant did not submit to the breathalyzer and his blood was not analyzed. The police did not administer field sobriety tests or the horizontal gaze nystagmus test due to the defendant's injuries. However, the Second District found this to be sufficient evidence to sustain a guilty verdict.
 {¶ 19} Again, in State v. Bokesch, 11th Dist. No. 2001-P-0026, 2002-Ohio-2118, the court found that the arresting officer had reasonably trustworthy information sufficient to warrant a prudent man's belief that defendant had been driving under the influence. While the officer did not observe the defendant operating the vehicle, he spoke to the first officer to arrive on the scene. That officer found the defendant lying next to the vehicle and smelling of alcohol. The defendant was the only individual present by the car. An eyewitness provided a written statement indicating that the defendant was the only person observed at the scene at the time of the accident. Under these circumstances, the Eleventh District concluded that it was entirely reasonable for the officer to infer that the defendant was the driver of the vehicle. The crash itself tended to indicate impairment, and both the officers detected a strong odor of alcohol.
 {¶ 20} Finally, the First District in State v. King, No. C-01077, 2003-Ohio-1541, held that probable cause existed to arrest for driving while under the influence when in the early morning hours a vehicle clearly goes out of control, there is an accident, and the driver has the odor of alcoholic beverages on his breath. See generally State v. Teeters, 7th Dist. No. 295, 2002-Ohio-6001.
 {¶ 21} In the present case, the arresting officer saw Cline's car parked at a bar for several hours preceding the accident. The officer observed the tracks that were made as Cline drove from the bar parking lot into the telephone pole. And, the officer found Cline asleep in his car "reeking" of alcohol after striking the telephone pole. In light of all this evidence, we conclude Officer Young had probable cause to believe that Cline had been drinking and driving. The trial court properly denied Cline's motion to suppress.
 {¶ 22} Accordingly, Cline's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.