[Cite as *State v. Brooks*, 2014-Ohio-3343.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                              :

    Plaintiff-Appellee,                  :      Case No.   13CA37

    vs.                                        :

RAYMOND BROOKS,                            :      DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                 :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:        Adam J. Baker, Adam J. Baker, Attorney & Counselor At
Law, LLC, 8 North Court   Street, Ste. 212, Athens, Ohio
45701

COUNSEL FOR APPELLEE:         Patrick J. Lang, Athens City Law Director, and James K.
Stanley, Athens City Prosecutor, Law Administration
Building, 8 East Washington Street, Ste. 301, Athens, Ohio
45701

_____

CRIMINAL APPEAL FROM MUNICIPAL COURT
DATE JOURNALIZED:7-21-14
ABELE, P.J.

{¶ 1}   This is an appeal from an Athens County Municipal Court judgment of conviction

and sentence.   Raymond Brooks, defendant below and appellant herein, pled "no contest" to a

charge of operating a motor vehicle while under the influence of alcohol in violation of R.C.

4511.19(A)(1)(d).   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FINDING THAT THE ARRESTING OFFICER HAD A REASONABLE AND ARTICULABLE SUSPICION IN ORDER TO INITIATE A TRAFFIC STOP OF APPELLANT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FINDING THAT THERE WAS PROBABLE CAUSE TO ARREST THE APPELLANT FOR OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE."

**{¶ 2}** Sometime after midnight on June 1, 2013, appellant drove a white Subaru to the fast-food pick-up lane at Wendy's restaurant on Richland Avenue in Athens. When asked for his order, appellant apparently responded to the intercom that he wanted a "beer."[1] Tracy Gribble, a Wendy's employee, called the Athens Police Department to report a drunk driver. Officer Nick Magruder arrived a few minutes later while the white Subaru remained at the pick-up window.

**{¶ 3}** Officer Magruder parked and exited his vehicle, and walked to appellant's car to speak with him. When Magruder approached the passenger side window, he observed a beer sitting on the vehicle's console. Magruder then instructed appellant to move from the drive-through window to a curb about twenty feet away.

**{¶ 4}** When Officer Magruder explained to appellant that someone had reported him as being intoxicated, appellant responded that "he wasn't drunk and he just had, he just had a six pack." Magruder then asked appellant to exit the vehicle. At this point, the officer noted that appellant had "red, watery eyes" and seemed unsteady on his feet. Additional conversation also

---

[1] Although most of our factual recitation comes from a transcript of the July 23, 2013 suppression hearing, where that transcript is unclear, as it is on this factual point, we also use the trial court's findings and conclusion in its July 25, 2013 "Decision and Journal Entry."

revealed "slurred speech." The officer also asked appellant to perform field sobriety tests and after appellant declined, Magruder placed appellant under arrest and transported him to "Post Five" where a "BAC Datamaster" test indicated appellant's breath alcohol content of .101 grams per two hundred ten liters of breath.

{¶ 5} Subsequently, appellant filed a motion to suppress evidence that set forth a number of arguments, including (1) Officer Magruder's approach to his vehicle was unconstitutional, and (2) the arrest for violating R.C. 4511.19(A)(1) lacked probable cause. The matter came on for a hearing, at which time Officer Magruder testified concerning the encounter.

{¶ 6} The trial court filed a detailed decision and judgment on July 25, 2013 that denied appellant's motion. In so doing, the court ruled, inter alia, that (1) Officer Magruder's first contact with appellant at the drive-through window was not an actual traffic stop that implicated constitutional considerations, and (2) Officer Magruder had sufficient probable cause to arrest appellant for a violation of R.C. 4511.19(A)(1).

{¶ 7} Appellant later pled no contest to a violation of R.C. 4511.19(A)(1)(d). The trial court dismissed the charge of violating subsection (A)(1)(a) and sentenced appellant to a suspended thirty day jail sentence and a partially suspended $725 fine. This appeal followed.

I

{¶ 8} The gist of appellant's two assignments of error is that the trial court erred by overruling his motion to suppress evidence. Before we address their particular merits, we set forth the appropriate standard of review.

{¶ 9} Appellate review of a decision and judgment on a motion to suppress evidence involves mixed questions of law and fact. *State v. Grubb*, 186 Ohio App.3d 744, 2010-Ohio-1265,

930 N.E.2d 380, at ¶12 (3rd Dist.); *State v. Book*, 165 Ohio App.3d 511, 2006-Ohio-1102, 847

N.E.2d 52, at ¶9 (4th Dist.).   In hearing such motions,   a trial court assumes the role of the trier of

fact and is best situated to resolve factual disputes and to evaluate witness credibility.   *State v.*

*Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, at ¶100; *State v. Burnside*, 100

Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶8.

{¶ 10} Appellate courts will accept a trial court's factual findings if competent, credible

evidence exists to support those findings.   *State v. Little*, 183 Ohio App.3d 680, 2009-Ohio-4403,

918 N.E.2d 230, at ¶15 (2nd Dist.); *State v. Metcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268

(4th Dist. 1996).   However, appellate courts review de novo a trial court's application of law to

those facts.   *State v. Higgins*, 183 Ohio App.3d 465, 2009-Ohio-3979, 917 N.E.2d 363, at ¶14 (5th

Dist.); *State v. Poole*, 185 Ohio App.3d 38, 2009- Ohio-5634, 923 N.E.2d 167, at ¶18 (11th Dist.).

 In other words, an appellate court affords no deference to a trial court in its application of the law

to the facts of the case.

## II

{¶ 11} In his first assignment of error, appellant asserts that the trial court erred by finding

that Officer Magruder had a reasonable and articulable suspicion of criminal activity to "stop" his

car.

{¶ 12} The Fourth Amendment to the United States Constitution protects the rights of

people to be secure against unreasonable searches and seizures.   These protections are applicable

to the states through the Fourteenth Amendment Due Process Clause, *Smith v. Maryland*, 442

U.S. 735, 736, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979); *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct.

1684, 6 L.Ed.2d 1081 (1961), Section 14, Article I, of the Ohio Constitution affords the same

protection. *State v. Johnson*, 4th Dist. Highland No. 06CA36, 2007-Ohio-4158 at ¶8; *State v. Jaeger*, 4th Dist. No. Washington No. 92CA30, 1993 WL 248605 (Jul. 9, 1993).

{¶ 13} Not every contact between law enforcement and citizenry is of constitutional dimension.   The United States Supreme Court recognizes three categories of police-citizen interactions: (1) consensual encounters, (2) investigative or "Terry" type stops, and (3) arrests. *State v. Williams*, 4th Dist. Ross No. No. 10CA3162, 2011-Ohio-763, at ¶8; also see   *State v. Travis*, 4th Dist. Scioto No. 06CA3098, 2008–Ohio–1042, at ¶9, citing *Florida v. Royer* (1983), 460 U.S. 491, 501–507, 103 S.Ct. 1319, 75 L.E.2d 229 and *United States v. Mendenhall* (1980), 446 U.S. 544, 553, 100 S.Ct. 1870, 64 L.E.2d 497.

{¶ 14} Appellant's argument characterizes the appearance of Officer Magruder at Wendy's, and his approach of appellant's car, as a "Terry" investigative stop that did not satisfy the requisite constitutional requirements.   We need not, and do not, go into great detail of what is needed for an investigative stop under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).   However, to have a *Terry* stop there must be an actual stop of a vehicle.   Here, as the trial court noted in its decision, no traffic stop occurred.   Rather, appellant had already stopped his vehicle (of his own volition) at the drive-through window.   Officer Magruder simply approached appellant's vehicle on foot to engage him in conversation.   Police may lawfully initiate a consensual encounter without either probable cause or a reasonable, articulable suspicion of criminal activity.   *State v. Jones*, 4th Dist. Washington No. 11CA13, 2012-Ohio-1523, at ¶9. An encounter is consensual when an officer approaches a person in a public place, engages the person in conversation, requests information, and the person is free to not answer and walk away. Id.   The mere approach and questioning of the person seated within a parked vehicle does not

constitute a seizure but, rather, is a consensual encounter. Id.

{¶ 15} Appellant's brief appears to couch the circumstances of the "stop" as Officer Magruder "show[ing] up at the Wendy's[.]" However, Magruder's contact with appellant at that point was a consensual encounter, not an investigative stop. Magruder testified at the suppression hearing that Wendy's employees talked with appellant at the pick-up window and the officer simply walked to the vehicle, in a public space, and engaged appellant in conversation. No evidence adduced at the hearing indicated that appellant lacked freedom of movement at that time. Only after Officer Magruder observed the beer on appellant's console did the officer instruct appellant to proceed to the curb.

{¶ 16} Therefore, we agree with the trial court's conclusion that Officer Magruder's appearance at Wendy's, and his initial approach of the vehicle, was not a Terry investigative stop and does not rise to a level that raises constitutional concerns. Accordingly, we hereby overrule appellant's first assignment of error.

III

{¶ 17} Appellant's second assignment of error asserts that the trial court erred in its conclusion that Officer Magruder had a sufficient basis (probable cause) for his arrest. We disagree with appellant.

{¶ 18} An arrest is valid when an arresting officer has probable cause to believe that an arrestee has committed a crime. See *State v. Timson*, 38 Ohio St.2d 122, 311 N.E.2d 16, paragraph one of the syllabus (1974); also see *State v. Martin*, 4th Dist. Pickaway No. 04CA29,

2005-Ohio-4477, at ¶16.   A determination of whether probable cause to arrest exists must be based on an examination of the totality of the circumstances.   See *Regets v. City of Plymouth*, 6th Cir. No. 13–1574, 2014 WL 2596562 (Jun. 10, 2014); also see *State v. Rabe*, 12th Dist. Clermont No. CA2013–09–068, 2014-Ohio-2008, at ¶20.   Further, we have held that if an arrest is based on a violation of R.C. 4511.19(A)(1), probable cause for an arrest exists if a law enforcement officer observes indicia of both   alcohol consumption and, inter alia, impaired coordination. *State v. Chevalier*, 4th Dist. Washington No. 09CA49, 2010-Ohio-4096, at ¶9; *State v. Posey*, 4th Dist. Pickaway No. 07CA24, 2008-Ohio-6510, at ¶13.   In the case sub judice, the evidence adduced at the suppression hearing revealed that although Officer Magruder did not observe appellant violate any traffic laws, Magruder observed an open beer sitting on the vehicle's console and appellant admitted that he "just had a six pack."   More important, Officer Magruder observed that appellant had red, glassy eyes and slurred speech.   When he asked appellant to exit the vehicle, he appeared "unsteady" and placed his hand on the vehicle for balance.   We readily agree with the trial court's conclusion that the totality of these circumstances sufficiently established probable cause for an arrest under R.C. 4511.19(A)(1).

{¶ 19} Therefore, we hereby overrule appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Brooks*, 2014-Ohio-3343.]

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.