[Cite as *State v. Hamilton*, 2015-Ohio-334.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140290 |
| | | TRIAL NO. B-1401419 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| CARMICHAEL HAMILTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, Sentences Vacated, and Cause Remanded

Date of Judgment Entry on Appeal: January 30, 2015

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Melynda J. Machol,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Rhett Baker*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**CUNNINGHAM, Presiding Judge.**

{¶1}    Defendant-appellant Carmichael Hamilton appeals from the judgment of the Hamilton County Court of Common Pleas convicting him, after his pleas of guilty, of 13 theft offenses, all fourth- or fifth-degree felonies.   The trial court sentenced Hamilton to prison for each of the offenses, with some of the terms to run consecutively and others concurrently, for an aggregate prison term of two years.

{¶2}    In three assignments of error, Hamilton contends that the trial court erred by imposing prison terms for the nonviolent fourth- and fifth-degree felonies and by imposing consecutive terms, and that he was denied the effective assistance of counsel at his sentencing hearing, because trial counsel failed to object to his improper sentences.   Because Hamilton's assignment of error challenging the imposition of the prison terms is meritorious, where the record demonstrates that his sentences were clearly and convincingly contrary to the provisions of R.C. 2929.13(B)(1)(a) and (b), we sustain that assignment of error, vacate his sentences, and remand the cause for resentencing in accordance with R.C. 2953.08(G)(2).

### Background Facts

{¶3}    Between December 31, 2013, and March 17, 2014, Hamilton stole air-conditioning units from the residences of 13 separate individuals, eight of whom were elderly.   He was subsequently indicted for 13 counts of theft of property worth $1000 or more but less than $7500, in violation of R.C. 2913.02(A)(1), with eight of the counts containing a specification that the victim was elderly.   The specification elevated those eight counts from fifth-degree-felony offenses to fourth-degree-felony offenses.

{¶4}    Hamilton entered guilty pleas to the 13 counts.   The trial court accepted his pleas, ordered a presentence investigation ("PSI"), and continued the

2

case for sentencing.

{¶5}    The sentencing hearing was held about a month later.  Consistent with the PSI, defense counsel informed the court that Hamilton had not previously been convicted of a felony.  The court sentenced Hamilton to one year in prison for each of the five theft counts, to be served concurrently with each other, and further sentenced him to one year in prison for each of the eight enhanced theft counts, to be served concurrently with each other.  Without making any findings, the trial court then ordered that the theft sentences be served consecutive to the enhanced theft sentences, for an aggregate sentence of two years.  Defense counsel did not object to the trial court's imposition of prison terms, or to the court's order that some of those terms be served consecutively.

## Standard of Review

{¶6}    Hamilton's first assignment of error challenges his sentences.  We review Hamilton's sentences under the standard of review set forth in R.C. 2953.08(G).  *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 9 (1st Dist.).  Under that statute, we may modify or vacate a sentence only if we "clearly and convincingly find" that the record does not support the sentencing court's findings or that the sentence is contrary to law.  R.C. 2953.08(G)(2).

## Analysis

{¶7}    Hamilton contends that his sentences were contrary to law because the trial court did not make "findings" in accordance with R.C. 2929.13(B)(1)(a) and (b) before imposing prison terms.  Alternatively, he argues that his sentences were contrary to law because the record before the court demonstrated that community control was mandatory under the provisions of R.C. 2929.13(B)(1)(a) and not discretionary due to the existence of any of the factors set forth in R.C. 2929.13(B)(1)(b)(i)-(xi).

{¶8}    We reject Hamilton's first argument, because R.C. 2929.13(B)(1)(a)

3

and (b) do not require the trial court to make findings before imposing a prison term. But we concur with Hamilton's second argument. Therefore, we hold that his sentences were contrary to law because the record does not support the court's imposition of prison terms for the nonviolent-fourth- and fifth-degree felonies.

{¶9} As this court recently noted, the legislature in 2011 enacted legislation that "sharply limit[s] the circumstances" under which a court can sentence first-time-felony offenders to prison when the offender has committed nonviolent crimes and the offender's most serious offense was a fourth- or fifth-degree felony. *State v. Jones*, 1st Dist. Hamilton No. C-130625, 2014-Ohio-3345, ¶ 8, citing Am.Sub.H.B. No. 86 ("H.B. 86").

{¶10} As amended by H.B. 86 and subsequent legislation, R.C. 2929.13(B)(1)(a) provides that for a nonviolent fourth- or fifth-degree felony, a court must impose a community-control sanction of a least a year's duration if all of the following are met: (1) the offender has not previously been convicted of or pleaded guilty to a felony; (2) the most serious charge at the time of sentencing is a fourth- or fifth-degree felony; (3) if, in a case where the court believes that no acceptable community-control sanctions are available, the court requests a community-control option from the department of rehabilitation and correction, and the department identifies an appropriate program; and (4) the offender has not been convicted of or pleaded guilty to a misdemeanor offense of violence committed during the two years before the commission of the offense for which the court is imposing sentence. *Jones* at ¶ 8.

{¶11} R.C. 2929.13(B)(1)(a), however, is subject to the exceptions listed in R.C. 2929.13(B)(1)(b), which provides the sentencing court with "discretion" to impose a prison term for a fourth- or fifth-degree felony if one of 11 criteria listed in R.C. 2929.13(B)(1)(b)(i) through (xi) applies. *Id.* at ¶ 9.

{¶12} In this case, the requirements of R.C. 2929.13(B)(1)(a) were met, such

4

that Hamilton was presumptively ineligible for a prison term for the fourth- and fifth-degree felonies, which were not "offense[s] of violence" or "qualifying assault offense[s]." To that end, the record is devoid of evidence that Hamilton had a prior felony conviction or a conviction for a misdemeanor offense of violence within the past two years. And the most serious charge at the time of sentencing was a fourth-degree felony. Further, it is not demonstrated in the record that the trial court made a request to the department of rehabilitation and correction regarding the availability of community-control sanctions, as contemplated by the third provision of R.C. 2929.13(B)(1)(a). Therefore, the trial court was required to impose community control for each of the offenses unless one of the 11 criteria set forth in R.C. 2929.13(B)(1)(b)(i-xi) applied. *See Jones*, 1st Dist. Hamilton No. C-130625, 2014-Ohio-3343, at ¶ 10.

{¶13} Upon our review of the record, we concur with Hamilton that none of the criteria set forth in R.C. 2929.13(B)(1)(b)(i-xi) applied.

{¶14} The state asserts that it discovered information demonstrating that Hamilton committed the offenses while released from custody on a bond issued in at least one other case, circumstances that would satisfy the criterion set forth in R.C. 2929.13(B)(1)(b)(xi). According to its brief, however, the state discovered this information when responding to Hamilton's motion requesting this court for a stay and an appellate bond, and long after Hamilton's sentencing hearing.

{¶15} It is well settled that "a reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (2001), cited in *RNG Props., Ltd. v. Summit Cty. Bd. of Revision*, 140 Ohio St.3d 455, 2014-Ohio-4036, 19 N.E.2d 906, ¶ 23. Because this information was not presented below, it cannot serve as a basis for upholding the trial court's decision.

5

{¶16} On the state of the proper record before us, we conclude that the trial court was not permitted to impose a prison term for the offenses and, instead, was required to impose a community-control term of at least one year for the 13 offenses, in accordance with R.C. 2929.13(B)(1)(a) and (b). Thus, the sentences were contrary to law. Accordingly, we sustain the first assignment of error.

{¶17} Hamilton further argues, citing to *Jones*, that in addition to vacating the prison terms, this court must remand the case "with instructions to the trial court to impose community control" for all of the offenses. We disagree.

{¶18} In *Jones*, this court vacated the prison sentences imposed on several counts involving nonviolent fifth-degree-felony offenses. *See Jones*, 1st Dist Hamilton No. C-130625, 2014-Ohio-3343, at ¶ 21. We held that based on the record before the trial court "a community control term of at least one year was mandatory" for those offenses. *Id.* at ¶ 11. We remanded the case "so that the court may impose community control for those counts." *Id.* at ¶ 21. By using this language, including the word "may," we intended only to announce that those sentences were contrary to law, and that the defendant had to be resentenced in accordance with R.C. 2953.08(G)(2). And we now clarify that we did not remand the case to the trial court with instructions to impose a community-control sanction. Thus, we reject Hamilton's request that we remand the case with instructions for the trial court to impose a community-control sanction for the offenses. Rather, on remand, the trial court should conduct a de novo sentencing hearing, which in this case will involve all of the offenses. *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 14-15.

{¶19} Hamilton also presents assignments of error challenging the trial court's imposition of consecutive terms, and claiming that he was denied the effective assistance of counsel at his sentencing hearing. Our resolution of the first assignment of error renders moot these remaining assignments of error. Thus, we

decline to address them. *See* App.R. 12(A)(1)(c).

### *Conclusion*

{¶20} We affirm the findings of guilt related to each of the 13 counts. But because the trial court imposed prison terms in contravention of R.C. 2929.13(B)(1)(a) and (b), we vacate those prison terms and remand for resentencing, consistent with the law and this opinion.

Judgment accordingly.

**HENDON** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.