[Cite as *State v. Rakhimov*, 2025-Ohio-1346.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240460 |
| | | TRIAL NO. B-2304590 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N* |
| JONIBEK RAKHIMOV, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: April 16, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Jon Vogt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**Bock, Judge.**

**{¶1}** Defendant-appellant Jonibek Rakhimov challenges his 16-month sentence, arguing that it conflicts with the principles and purposes of felony sentencing.

**{¶2}** But Rakhimov has no right to appeal his sentence under R.C. 2953.08(A)(2). The trial court convicted Rakhimov of a sex offense and sentenced him to a prison term for a fourth-degree felony, finding that the presumption of community control for fourth-degree felonies does not apply to sex offenses under R.C. 2929.13(B)(1)(b)(iv).

**{¶3}** Because Rakhimov has no right of appeal under R.C. 2953.08(A)(2) and did not seek leave to appeal his sentence, we dismiss his appeal.

### I. *Factual and Procedural History*

**{¶4}** Rakhimov pleaded no contest to the facts alleged in the complaint and the trial court found him guilty of gross sexual imposition in violation of R.C. 2907.05, a fourth-degree felony.

**{¶5}** At his sentencing hearing, the trial court reviewed the overriding principles and purposes of felony sentencing and the need to impose a sentence consistent with similar offenses committed by like offenders and proportionate to the harm caused and the impact on the victim. It explained to Rakhimov that it was required to "look at the sentencing factors in 2929.12 and 2929.13." It acknowledged that R.C. 2929.13 "dictates mandatory community control," but it explained that "this is a sex offense and, therefore, exempt from that."

**{¶6}** Turning to Rakhimov and the offense, the trial court noted that "the victim suffered psychological harm, as apparent by the victim impact statement." Plus, the offense was serious because Rakhimov "engaged in some deception as he wasn't

using his real name or identity." In terms of recidivism factors, Rakhimov "was an undocumented immigrant, which puts him in violation of federal law." After "weighing all of those factors," the trial court found "that a term of incarceration is appropriate."

{¶7} The trial court imposed a 16-month prison term.

## II. Analysis

{¶8} On appeal, Rakhimov argues that his sentence is not supported by the record and that a nine-month sentence with community control would more appropriately reflect the purposes and principles of felony sentencing under R.C. 2929.11 and 2929.12. For its part, the State maintains that the trial court's findings reveal that it adequately considered the purposes and principles of felony sentencing and the record supports his 16-month sentence.

{¶9} An appellate court "may increase, reduce, or otherwise modify a sentence" if it "clearly and convincingly finds . . . [t]hat the record does not support the sentencing court's findings under [R.C. 2929.13(B) or (D)]." R.C. 2953.08(G)(2)(a). And an appellate court may increase, reduce, or modify a sentence if it clearly and convincingly finds that the sentence is contrary to law. R.C. 2953.08(G)(2)(b). The trouble with Rakhimov's record-based argument is that "R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *State v. Jones,* 2020-Ohio-6729, ¶ 28. And while we may review a felony sentence to determine if it is clearly and convincingly contrary to law, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39.

{¶10} R.C. 2953.08(A)(2) bars appellate review of Rakhimov's sentence. Under R.C. 2953.08(A)(2), a defendant sentenced to a prison term for a fourth- or

fifth-degree felony "is not entitled under this division to appeal as a matter of right the sentence imposed" if the trial court "specifies that it found one or more factors in [R.C. 2929.13(B)] to apply relative to the defendant." So, Ohio courts have held that "'ordinarily R.C. 2953.08(A)(2) bars appellate review of a prison term imposed upon a fourth-or fifth-degree felony pursuant to R.C. 2929.13(B) absent a motion for leave.'" *State v. Vega,* 2023-Ohio-1133, ¶ 8 (8th Dist.) (collecting cases), quoting *State v. Torres,* 2017-Ohio-938, ¶ 8 (8th Dist.); *see State v. McNeel,* 1998 Ohio App. LEXIS 2220, *25 (1st Dist. May 22, 1998).

{¶11} At the sentencing hearing, the trial court recognized that, under R.C. 2929.13(B)(1)(a)(i)-(iii), a defendant convicted of a fourth- or fifth-degree felony will presumptively receive community control if the defendant has no prior felony convictions, has no convictions for misdemeanor offenses of violence in the previous two years, and the most serious charge is a fourth- or fifth-degree felony. *See State v. Hamilton,* 2015-Ohio-334, ¶ 9 (1st Dist.).

{¶12} But the trial court imposed a 16-month prison term because it found that Rakhimov was convicted of a "sex offense and, therefore, [Rakhimov is] exempt from that [presumption]." A trial court has "'discretion' to impose a prison term for a fourth- or fifth-degree felony if one of 11 criteria listed in R.C. 2929.13(B)(1)(b)(i) through (xi) applies." *Hamilton* at ¶ 11. Relevant here, a trial court may sentence a defendant convicted of a fourth-degree felony sex offense in violation of "any provision of Chapter 2907" to a term of incarceration. R.C. 2929.13(B)(1)(b)(iv).

{¶13} Rakhimov does not dispute that the trial court correctly found that he was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(1), a fourth-degree felony sex offense. Nor does he dispute that this finding triggered the trial court's discretionary authority to impose a prison sentence under R.C.

2929.13(B)(1)(b)(iv). And Rakhimov did not seek leave to appeal his sentence. As a result, he is not entitled to appeal his sentence.

### *III.* *Conclusion*

**{¶14}** Because Rakhimov lacks a right of appeal under R.C. 2953.08(A)(2) and he did not seek leave to appeal, we must dismiss his appeal.

Appeal dismissed.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.