[Cite as *State v. Alicea*, 2018-Ohio-3531.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0078** |
| CARLOS ANTHONY ALICEA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 00014.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Marie Lane*, Ashtabula County Public Defender, Inc., 4817 State Road, Suite #202, Ashtabula, OH 44004 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Carlos Anthony Alicea, appeals his fifteen-month prison term on one count of attempted theft from a person in a protected class. He asserts that the trial court was statutorily required to impose community-control sanctions in lieu of prison. As the trial court failed to make a required finding, we reverse and remand.

{¶2} Appellant was indicted on one count of theft from a person in a protected

class, a third-degree felony under R.C. 2913.02(A)(3). The charge was based on conduct in which appellant assisted his co-defendant in deceiving an elderly person to give them money that they used to purchase illegal drugs.

{¶3} Appellant ultimately pleaded guilty to an amended count of attempted theft from a person in a protected class, a fourth-degree felony, and in return, the state agreed to recommend that a community-control sanction be imposed. The amended plea was accepted and appellant was found guilty.

{¶4} During the plea, appellant informed the court that he was currently on probation for a prior driving under the influence conviction.

{¶5} At sentencing, the state recommended imposition of a community-control sanction. The trial court nevertheless concluded that community control would be demeaning to the seriousness of the offense and imposed a fifteen-month prison term.

{¶6} Appellant appeals raising one assignment for review:

{¶7} "The trial court erroneously sentenced appellant to a prison term."

{¶8} Appellant argues that because he was convicted of a fourth-degree felony and satisfied all other requirements of R.C. 2929.13(B)(1)(a), the trial court was obligated to impose a community-control sanction.

{¶9} R.C. 2929.13(B)(1)(a) provides that if an offender is convicted of a fourth-degree felony which is not a violent offense or is a qualifying assault offense, "the court shall sentence the offender to a community control sanction of at least one year's duration" when the offender can also satisfy four additional requirements. Here, there is no dispute that appellant meets the remaining four requirements.

{¶10} However, R.C. 2929.13(B)(1)(a) also states that its application is subject to

2

the exception set forth in R.C. 2929.13(B)(1)(b):

{¶11} "The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

{¶12} "* * *

{¶13} "(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance."

{¶14} As noted above, during the plea hearing, appellant informed the court that he was "currently" on probation for a prior DUI offense, not that he committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶15} Furthermore, prior to imposing the prison term, the trial court did not make a finding under R.C. 2929.13(B)(1)(a) or (b). R.C. 2953.08(G)(1) provides:

{¶16} "If the sentencing court was required to make the findings required by division (B) * * * of section 2929.13 * * *, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings."

{¶17} In applying R.C. 2929.13(B)(1)(a) and (b), multiple appellate courts deem a specific finding unnecessary because R.C. 2929.13(B)(1)(a) and (b) do not expressly require a finding. *See*, *e.g.*, *State v. Henslee*, 5th Dist. Muskingum No. CT2017-0009, 2017-Ohio-5786; *State v. Hamilton*, 1st Dist. Hamilton No. C-140290, 2015-Ohio-334.

Read in isolation, none of the provisions set forth in division (B) of R.C. 2929.13 state that findings are required. However, when read in conjunction with R.C. 2953.08(G)(1), it is clear that findings are required. If we were to follow *Henslee* and *Hamilton*, the requirements of R.C. 2953.08(G)(1) would be rendered meaningless.

{¶18} Since the trial court did not make required findings under R.C. 2929.13(B)(1)(a) and (b), appellant's sole assignment has merit. The judgment of the Ashtabula County Court of Common Pleas is reversed, and the case is hereby remanded for resentencing consistent with R.C. 2953.08(G)(1).

CYNTHIA WESTCOTT RICE, J., concurs

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

4