[Cite as *State v. Conley*, 2021-Ohio-837.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                  :        APPEAL NO. C-200144
                                         TRIAL NO. B-1906289
    Plaintiff-Appellee,         :

  vs.                           :        *O P I N I O N.*

DONALD CONLEY,                  :

    Defendant-Appellant.        :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 19, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald Springman*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Brian A. Smith*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Defendant-appellant Donald Conley pleaded guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11(A) and was sentenced to a term of 12 months in prison. In his first assignment of error, Conley contends the trial court abused its discretion in denying his motion to withdraw his guilty plea. In his second assignment of error, Conley argues the record does not support the sentence imposed by the trial court. For the following reasons, we overrule both assignments of error and affirm the judgment of the trial court.

## Factual and Procedural Background

{¶2} On November 15, 2019, Donald Conley was indicted on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. Conley was arraigned and initially pleaded not guilty. On January 30, 2020, Conley withdrew his plea of not guilty and entered a plea of guilty. He signed a plea form which explained, among other things, the charge and degree, the potential sentence range, and the maximum possible fine. The form also expressed an agreement that he was satisfied with his attorney's advice, counsel and competence, that he understood the rights he was giving up as a result of pleading guilty, and that he understood that the plea was a complete admission of guilt to the charge.

{¶3} Additionally, the trial court addressed Conley personally after receiving the plea form and before accepting the plea. The court confirmed Conley was able to read and write and ensured that his attorney went over the form with him, explained everything to him and answered any questions he had about it. Conley expressly agreed that he understood everything contained within the form and that he himself had signed the form. He also agreed that his attorney explained

2

the constitutional rights he would be giving up by entering the plea and that he understood those rights.

{¶4} Next, the trial court engaged in the following exchange with Conley:

Court: Are you under the influence of any drugs or alcohol today?

Conley: No, ma'am.

Court: Are you on probation, parole or community control for anything else?

Conley: Yes.

Court: What for?

Conley: Parole.

Court: Parole for what?

Conley: Robbery.

Court: And do you understand this could be a violation of your parole?

Conley: Yes, ma'am.

Court: And do you still want to proceed with this?

Conley: Yes, ma'am.

Court: Okay. Are you satisfied with the advice, counsel, and competence of your attorney?

Conley: Yes, ma'am.

Court: Are you entering this plea of your own free will?

Conley: Yes, ma'am.

Court: Has anyone made any threats or promises to you in order to get you to plead guilty here today?

Conley: No.

Court: Okay. And on this kind of charge, the potential sentence ranges between six and twelve months in the Department of Corrections and a maximum fine of $2500. Do you understand that?

Conley: Yes.

Court: And do you understand what it means when you plead guilty?

Conley: Yes.

Court: It is a complete admission of the facts contained in the indictment, and you're saying you're guilty, and there won't be a trial, and I will find you guilty. Do you understand that?

Conley: Yes, ma'am.

Court: I have to explain to you about post-release control. You know what that is already, don't you?

Conley: Yes.

Court: But I have to tell you anyway, all right?

* * *

Court: Do you understand that?

Conley: Yes, ma'am.

Court: Do you understand that you have the right to have me as the judge or to have a jury determine your guilt or innocence?

Conley: Yes, ma'am.

Court:  At trial, the prosecutor would have to prove your guilt beyond a reasonable doubt for each and every element of the crime charged.  Your attorney could obtain witnesses to testify on your behalf at trial, and you can also cross-examine any witnesses to testify against you.  Do you understand that?

Conley:  Yes, ma'am.

Court:  And obviously you could not be forced to testify against yourself, and finally an appeal has to be filed within 30 days of sentencing.  Do you have any questions?

Conley:  No, ma'am.

Court:  Do you voluntarily give up all of these rights?

Conley:  Yes, ma'am.

{¶5}  The court accepted Conley's guilty plea and continued the case for sentencing.   The court ordered a presentence investigation and psychiatric examination be completed.

{¶6}  The sentencing hearing was held on February 27, 2020.  At the start of the hearing, Conley's counsel made an oral motion to the court to withdraw his guilty plea.  When asked by the court why Conley wanted to withdraw his plea, Conley's counsel stated: "Mr. Conley believes that he was not fully advised of the ramifications of punishment that he was potentially facing as a result of pleading guilty to the offense."

{¶7}  The court explained everything they previously went over at the plea hearing, including the potential sentence range.   The following exchange then occurred:

Court: So you're saying what now? You didn't understand when you said you understood.

Conley: I wouldn't sign a plea if I would have knew [sic] that you would try to give me a year.

Court: Well, I told you that's the worst that could happen would be 12 months in the department of corrections. That's the worst that could happen.

Conley: I've never been convicted of no prior drug charges to even get the max.

Court: You're on post release control now, right?

Conley: Yes.

Court: Yeah. So that's for a felony, right?

Conley: Yes.

Court: Okay. So I'm not going to allow you to withdraw your plea, because I know I asked you if you are doing this voluntarily, and I asked you if anybody had made any threats or promises to you in order to get you to accept the plea -- or to make the plea of guilty. I went through all of that with you. I advised you that you have a right to have a trial. I went through it all with you, didn't I?

Conley: Yes, but at the end of the day --

Court: Yes?

Conley: -- I told my attorney if you were gonna [sic] give me six to twelve months I wasn't going to sign that paper.

Court: Well, that's always the potential on this fifth degree felony.

Conley:    But that's not why I signed it.

Court:    I can't tell you what I'm going to do.  That's just the way it

is.  So I'm not going to vacate the plea.  So we are going to

proceed with sentencing today.

{¶8}    The court then heard arguments in support of mitigation.  Conley offered that he was only in possession of one pill and that he was unaware that he had the pill on his person at the time he was taken into custody.  He explained that he was using the pill as a mood stabilizer "to mitigate his behavioral and mental health issues."  He also stated that he did not know the pill contained methamphetamine.

{¶9}    After mitigation, the court discussed Conley's upcoming hearing for violating his postrelease control and the three arrests he had had since being placed on postrelease control.  The court then sentenced Conley to 12 months in the Department of Corrections, with credit for time served.

## Law and Analysis

{¶10}  In his first assignment of error, Conley argues the trial court abused its discretion when denying his request to withdraw his guilty plea.

{¶11}  We review a trial court's ruling on a motion to withdraw a guilty plea for an abuse of discretion.  *State v. Haywood*, 1st Dist. Hamilton No. C-130525, 2014-Ohio-2801, ¶ 5, citing *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).  "An abuse of discretion 'connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.' " *Haywood*, quoting *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982).

{¶12} When determining whether a trial court abused its discretion in ruling on a motion to withdraw a guilty plea, we consider the following factors: (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was accorded a complete Crim.R. 11 hearing before pleading guilty; (3) whether the trial court held a hearing on the motion to withdraw in which it gave full and fair consideration to the motion; (4) whether the defendant timely filed the motion to withdraw and supported it with specific reasons for withdraw; (5) whether the defendant was possibly not guilty of, or could offer a complete defense to, the charges, and (6) whether granting the motion would result in prejudice to the state. *Haywood* at ¶ 5, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995), and *State v. Sykes*, 1st Dist. Hamilton No. C-060277, 2007-Ohio-3086, ¶ 10.

{¶13} Presentence motions to withdraw a guilty plea should be freely and liberally granted; however, a defendant does not have an absolute right to withdraw his guilty plea. *Haywood* at ¶ 5, citing *Xie* at 527. A trial court must conduct a hearing to determine if there is a reasonable and legitimate basis for the withdrawal of the plea. *Xie* at 527. The scope of the hearing "should reflect the substantive merit of the motion itself." *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001). The decision whether to grant the motion is within the sound discretion of the trial court. *Crider v. Maxwell*, 174 Ohio St. 190, 191, 187 N.E.2d 875 (1963).

{¶14} Conley argues that the trial court did not conduct a hearing on his motion to withdraw his plea. We disagree. Conley made the motion to withdraw his plea orally to the court at the start of the sentencing hearing. Conley's counsel explained that he was requesting to withdraw his plea because Conley felt he was not fully advised of the possible punishment he was facing. The court responded by

asking Conley questions to determine the basis for his motion. Although brief, the court heard Conley's arguments for the motion and considered the substance of the motion during a hearing, for which they were already present. There is no indication the court did anything to foreclose or limit Conley's ability to be heard on his motion. Conley had the same opportunity to be heard that he would have had at a separately scheduled hearing.

{¶15} The crux of Conley's argument to the trial court in support of his motion was that he did not think the court would actually sentence him to prison time. He never argued that he did not understand that a prison term was a possible punishment or that he did not understand the possible sentence range if a prison term was imposed. Rather, he did not believe the court would actually impose a prison sentence.

{¶16} "A defendant who has a change of heart regarding his guilty plea should not be permitted to withdraw his plea just because he is made aware that an unexpected sentence is going to be imposed." (Citation omitted.) *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶17} The record reveals no basis to conclude that the trial court abused its discretion when denying Conley's motion to withdraw his guilty plea. Accordingly, we overrule the first assignment of error.

{¶18} In his second assignment of error, Conley contends the record does not support the trial court's sentence of a term of 12 months in prison.

{¶19} Under R.C. 2953.08(A), a defendant who is convicted of or pleads guilty to a felony may appeal his sentence as a matter of right when his sentence includes a prison term, and the offense for which it was imposed was a fourth- or fifth-degree felony or was a felony drug offense in violation of a provision of R.C.

Chapter 2925 and is specified as being subject to R.C. 2929.13(B) for purposes of sentencing.

{¶20} This court reviews sentences under the standard set forth in R.C. 2953.08(G)(2). Under this standard, an appellate court may increase, reduce or otherwise modify a sentence, or may vacate the sentence and remand the matter to the sentencing court for resentencing, if the court clearly and convincingly finds that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or other relevant statutes, or (2) if the sentence is contrary to law. R.C. 2953.08(G)(2)(a).

{¶21} In this case, Conley pleaded guilty to one count of aggravated possession of drugs in violation of R.C. 2925.11(A). Aggravated possession of drugs is a felony of the fifth degree and is subject R.C. 2929.13(B) in determining whether to impose a prison term on the offender. R.C. 2925.11(C)(1)(a).

{¶22} R.C. 2929.13(B)(1)(b) provides the trial court with discretion to impose a prison term "upon an offender who is convicted of or pleads guilty to a felony of the fifth degree that is not an offense of violence," if any one of the nine conditions listed in the statute are met. One of the permissible conditions is that "the offender at the time of the offense was serving, or the offender previously had served, a prison term." R.C. 2929.13(B)(1)(b)(ix). A trial court is not required to make findings under this section before imposing a prison term. *State v. Hamilton*, 1st Dist. Hamilton No. C-140290, 2015-Ohio-334, ¶ 8; *accord State v. Henselee*, 5th Dist. Muskingum No. CT2017-0009, 2017-Ohio-5786, ¶ 15; *contra State v. Alicea*, 11th Dist. Ashtabula No. 2017-A-0078, 2018-Ohio-3531, ¶ 17. For a felony of the fifth degree, the prison term shall be a definite term of six to 12 months. R.C. 2929.14(A)(5).

**{¶23}** Here, the record shows that the trial court was aware that Conley was on postrelease control for a previously served prison term. Accordingly, the trial court used its discretion to impose the maximum allowable prison term for a felony of the fifth degree. There is nothing to indicate that the trial court's finding under R.C. 2929.13(B) was not supported by the record or was otherwise contrary to law.

**{¶24}** Conley argues that the trial court's sentence was not supported by the record because the trial court failed to properly consider the statutory sentencing factors under R.C. 2929.11 and 2929.12. However, the Ohio Supreme Court has recently held that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 or 2929.12." *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 39.

**{¶25}** We can presume the trial court considered the statutory factors absent an affirmative demonstration in the record showing otherwise. *State v. Savage*, 1st Dist. Hamilton No. C-180413, 2019-Ohio-4859, ¶ 12. The record shows the trial court ordered a presentence investigation and a psychiatric report prior to sentencing and listened to arguments in support of mitigation. Therefore, the record does not demonstrate that the trial court failed to consider the statutory factors. Beyond that, under *Jones*, we are not permitted to independently weigh the statutory sentencing factors in R.C. 2929.11 and 2929.12 and substitute our judgment for that of the trial court. *Jones* at ¶ 30.

**{¶26}** Upon careful review of the record, we conclude that the sentence was supported by the record and not contrary to law. Accordingly, we overrule the second assignment of error.

## Conclusion

**{¶27}** Having considered and overruled Conley's two assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**MYERS** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry this date.