[Cite as *State v. Smith*, 2022-Ohio-2565.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-210602 |
| | | | C-210609 |
| Plaintiff-Appellee, | : | | C-210621 |
| | | TRIAL NO. | B-2100195 |
| | : | | |
| vs. | | | |
| | : | *O P I N I O N.* | |
| KENEDY SMITH, | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 27, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Kenedy Smith appeals the judgment of the Hamilton County Court of Common Pleas, sentencing him to 24 months in the Ohio Department of Corrections. In one assignment of error, Smith contends that "the record does not support the sentence imposed by the court." Instead, Smith contends that he should have been sentenced to community control. For the reasons that follow, we affirm the judgment of the trial court.

### *Facts and Procedure*

{¶2} Smith was indicted on January 19, 2021, for failing to comply with an order or signal of a police officer, a felony of the third degree, pursuant to R.C. 2921.331(B), stemming from a 17-minute police chase on Interstate 75. The charge carries between nine and 36 months in the Ohio Department of Corrections, and a mandatory driver's license suspension of three years to life. In August 2021, Smith pleaded guilty, and the trial court accepted the plea.

{¶3} At sentencing, Smith sought "an extensive period of probation" with mental-health treatment, relying in part on a mental-health evaluation completed by the Court Clinic prior to sentencing. The state sought an undefined "term of confinement in the Ohio Department of Corrections."

{¶4} After considering the purposes of felony sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, and offense-specific factors under R.C. 2921.331(C)(5)(a), the court sentenced Smith to 24 months in the Ohio Department of Corrections, with credit for 190 days served, and imposed a five-year driver's license suspension, with costs and fees waived. Smith timely appealed.

2

### *Sole Assignment of Error*

{¶5}    In a single assignment of error, Smith contends that "the record does not support the sentencing court's findings as to the 24-month prison sentence" and that "a sentence of community control with a mental health component would have more properly served the principles and purposes of sentencing than 24 months [in] prison."

{¶6}    The state contends that we are without authority to modify a sentence on this basis pursuant to R.C. 2953.08(G)(2).

{¶7}    The Ohio Revised Code provides two situations in which a trial court's sentence may be modified. We "may increase, reduce, or otherwise modify a sentence" if we find, by clear and convincing evidence:

(a) That the *record does not support the sentencing court's findings* under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; [or]

(b) That the *sentence is otherwise contrary to law*.

(Emphasis added.) R.C. 2953.08(G)(2).

{¶8}    Smith concedes that his 24-month sentence is not contrary to law because it is within the statutory range. *See* R.C. 2929.14(A)(3)(b) (providing "the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."). However, he contends that the record does not support the sentencing court's findings, and asks us to "remand for resentencing to community control." Smith argues that his risk of recidivism is low and community control "would have more properly served the principles and purposes of sentencing." Thus, Smith is

3

seeking our review of the trial court's consideration of the factors under R.C. 2929.11 and 2929.12.

{¶9} Our authority under the statute is limited to those instances where we "clearly and convincingly find[] that 'the record does not support the sentencing court's findings under' *certain specified statutory provisions*." (Emphasis added.) *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28, quoting R.C. 2953.08(G)(2)(a).

{¶10} Because none of the certain specified statutory provisions are at issue in this case, the sentencing court was not required to make any findings prior to sentencing. *See Jones* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31 ("[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record."); *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). And we can presume that the court considered the factors under R.C. 2929.11 and 2929.12 absent an affirmative demonstration otherwise. *State v. Conley*, 1st Dist. Hamilton No. C-200144, 2021-Ohio-837, ¶ 25, citing *State v. Savage*, 1st Dist. Hamilton No. C-180413, 2019-Ohio-4859, ¶ 12. A review of the record demonstrates that the trial court considered the statutory factors.

{¶11} "[W]e are not permitted to independently weigh the statutory sentencing factors in R.C. 2929.11 and 2929.12 and substitute our judgment for that of the trial court." *Id.*, citing *Jones* at ¶ 30. Thus, we are prohibited by *Jones* from engaging in the type of review that Smith seeks. *See, e.g., State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 11 (Brunner, J. concurring) ("Jones squarely prohibits" review of "an argument that the trial court erred by having inaccurately weighed the evidence relating to the factors and considerations addressed

4

in R.C. 2929.11 and 2929.12 and by imposing a sentence that is unsupported by the record.").  Therefore, we lack the authority to modify his sentence on this basis.

### *Conclusion*

{¶12}  For the foregoing reasons, we overrule Smith's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

5