[Cite as *State v. Rosemond*, 2023-Ohio-848.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220235 |
| | | TRIAL NO. B-2002483 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DEMETRIUS ROSEMOND, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: March 17, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**Zayas, Presiding Judge.**

{¶1}   Demetrius Rosemond appeals his conviction for having a weapon while under a disability after a guilty plea.  In two assignments of error, Rosemond argues that the trial court abused its discretion by overruling his presentence motion to withdraw his plea and erred by imposing a maximum sentence.  For the following reasons, we affirm the trial court's judgment.

### Factual Background

{¶2}   Demetrius Rosemond was charged with having weapons while under a disability, carrying concealed weapons, and improperly handling firearms in a motor vehicle.  Rosemond agreed to plead guilty to the weapons-under-a-disability charge, and in exchange, the state agreed to dismiss the other two charges.  After accepting the guilty plea, the trial court continued the matter for sentencing.

{¶3}   When Rosemond failed to appear for sentencing, the trial court issued a warrant for his arrest and allowed defense counsel to withdraw from the case.  One month later, Rosemond turned himself in, and at the next hearing, Rosemond's new counsel represented to the court that Rosemond missed the sentencing hearing because he was hospitalized for Covid at Christ Hospital or Jewish Hospital.  The sentencing was continued to allow counsel to procure Rosemond's medical records to establish the hospitalization.  The trial court issued subpoenas to the hospitals to obtain the medical records, but Rosemond was unable to produce any medical records of a hospitalization.

{¶4}   At the next hearing, Rosemond moved to withdraw his plea due to "representations * * * dealing with his old attorney."  Defense counsel further explained that Rosemond "didn't understand the full ramifications and consequences of his plea at that time based upon representations of counsel."

2

{¶5} The trial court overruled the motion because the court conducted "a thorough evaluation and examination at each and every plea. The defendant was fully notified. The defendant is no stranger to court proceedings. The defendant understood the ramifications of entering that plea." The court noted that an exhaustive search of the local hospitals failed to yield any medical documents establishing a Covid hospitalization. The court further found that "the defendant was never [hospitalized] during the time of his sentencing; thus validating my suspicion that he simply capiased and did not appear and is now having second thoughts because he got caught and has been picked up." The trial court sentenced Rosemond to a prison term of three years.

## Motion to Withdraw Plea

{¶6} In his first assignment of error, Rosemond contends that the trial court abused its discretion by overruling his presentence motion to withdraw his plea.

{¶7} "A presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an "absolute right" to withdraw his plea, even when a motion to withdraw is made before sentencing. *Id.* at paragraph one of the syllabus.

{¶8} Before ruling on a presentence motion to withdraw a plea, the trial court must conduct a hearing to determine whether the defendant has a reasonable and legitimate basis for withdrawing the plea. *Id.* Whether there is a reasonable and legitimate basis for the defendant's request to withdraw his plea is "within the sound discretion of the trial court." *Id.* at paragraph two of the syllabus. Absent an abuse of discretion on the part of the trial court in making its ruling, its decision must be affirmed. *Id.* at 526.

{¶9} In determining whether the court abused its discretion, we consider the following factors: (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing when entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw; (4) whether the trial court gave full and fair consideration to the motion to withdraw; (5) whether the motion was made within a reasonable time; (6) whether the motion included specific reasons for withdrawing the plea; (7) whether the defendant understood the charges and possible penalties; (8) whether the defendant had a complete defense to the charges; and (9) whether the state would be prejudiced by the withdrawal. *State v. Jefferson*, 1st Dist. Hamilton No. C-020802, 2003-Ohio-4308, ¶ 7, citing *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1995).

{¶10} Here, the court conducted a hearing and considered the relevant factors. Rosemond's counsel represented that there was a misunderstanding of "the full ramifications and consequences of his plea at that time based upon representations of counsel," but did not specify the nature of the alleged misunderstanding. Moreover, the trial court engaged in a thorough colloquy with Rosemond before accepting the plea to ensure that he knew the consequences of the plea.

{¶11} The trial court concluded that Rosemond did not have a reasonable and legitimate basis to withdraw the plea. Rather, he was motivated by the potential consequences of missing the sentencing hearing and failing to provide proof that he missed the hearing because he was hospitalized. "A defendant who has a change of heart regarding his guilty plea should not be permitted to withdraw his plea just because he is made aware that an unexpected sentence is going to be imposed." *State*

*v. Conley*, 1st Dist. Hamilton No. C-200144, 2021-Ohio-837, ¶ 16, citing *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

**{¶12}** Based on this record, the trial court did not abuse its discretion in overruling the motion to withdraw the plea. We overrule the first assignment of error.

## Sentence

**{¶13}** In his second assignment of error, Rosemond asserts that the trial court erred by imposing a maximum sentence. Specifically, Rosemond argues the record does not support his sentence under R.C. 2929.11 and 2929.12.

**{¶14}** Sentences are reviewed under the standard set forth in R.C. 2953.08(G)(2). Under this standard, an appellate court may increase, reduce or otherwise modify a sentence, or may vacate the sentence and remand the matter to the sentencing court for resentencing, if the court clearly and convincingly finds that (1) the record does not support the sentencing court's findings under R.C. 2929.13(B) or other relevant statutes, or (2) if the sentence is contrary to law. R.C. 2953.08(G)(2)(a). However, R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 or 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.

**{¶15}** Rosemond argues that the sentence on the felony was not supported by the record. However, *Jones* precludes an appellate court from modifying or vacating a sentence based on its view that the sentence is not supported by the record. *See id.* at ¶ 30. Therefore, we overrule the second assignment of error.

## Conclusion

{**¶16**}   Having overruled Rosemond's two assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.